16, 2540, Sweden versus MSPB. Thank you, Chief Judge Prost. May it please the Court. This case involves a straightforward and undisputed legal issue that the Merit Systems Protection Board simply got wrong, namely that the existence of new and material facts will defeat the application of collateral estoppel. The board on appeal agrees with that principle, but the board in the decision on review never recognized it and certainly didn't apply it. What new and material evidence was presented? So it's the four documents that Mr. Sweeting attached to his petition for review to the board, and these are at Appendix 107 to 113. And what relevance do those documents have to the only ground for which he could contest his dismissal, namely that the dismissal was a result of political action? Certainly. And before I answer your question, Judge Lynn, I do want to make clear that that question is not actually before this court because it wasn't considered by the board. But to answer your question, I think it helps if we go back to the beginning of this case and how we got here. This case has been from the beginning about partisan politics, which of course is one of the two grounds on which Mr. Sweeting could obtain jurisdiction as a probationary employee. And we know that it's been about partisan politics from the beginning. We have the board's initial opinion in the Sweeting 1 case in which they in fact issued a precedential opinion on what the partisan political reason standard means. That case was then remanded to the presiding official, and unfortunately we don't have the records from that remand proceeding because they've been destroyed. But in that remand proceeding, Mr. Sweeting alleged that he was a member of the Republican Party and that the other individuals involved were members of the Democratic Party. That allegation was held to not satisfy the non-frivolous standard. But now what we have is the newly discovered documents, and in particular it's attachment A and attachment C to his petition for review. And what they do is they shore up his previously, his own allegation that there was differential treatment here. I'm sorry, I don't remember these documents. Does he allege that the people who got favorable treatment better than him were of a certain political party different than his? My understanding is that that was his allegation in the initial, the remand proceeding after Sweeting 1 when it went back to the presiding official, and I recognize unfortunately these facts are not on the record, but you have that allegation. Well yes, so I'm looking at what he put forward that you're arguing about. I guess I have the same question that I think Judge Lynn had, whereas what is the significance of relevance of these documents? Now you say, well that isn't before us, but sure it is because we're deciding whether they were right, the collateral estoppel applies. And in order to justify it not applying, you've got to demonstrate that this is a different case than the one adjudicated. Right, we have to demonstrate that the new evidence is material to the question whether he has non-frivolously alleged partisan political reasons. And that is the question that the board didn't consider. And so do you think that under the Waldo case, the legal error alone merits a remand here? But I do want to answer your question. And so the relevance here is that you have in attachment A, this is the investigative report from the training center staff, and that's at appendix 107 to 109. And you have a discussion of the allegations against Mr. Sweeting and the response to them, and the allegations against several other students and the very different response to them. You also have attachment C, which is at appendix 112, which is the letter explaining that several of the other students against whom similar allegations were made and who, like Mr. Sweeting, denied those allegations were not terminated from their positions. And so that relates to differential treatment, but not necessarily connected to political activity. It relates to differential treatment. It backs up his claim that the agency's reason for dismissing him was pretextual. And again, you have to pair that with the background of this case. And I recognize it would be ideal if he had reiterated his prior allegations here. He is a pro se litigant, and so his pleadings do need to be liberally construed. There's no confusion that this case is about partisan politics. And so again, you have an allegation of party membership, and then you have the documents to back that up. There has to be some connection. Don't you agree? To avoid the effects of collateral estoppel, there has to be something that he can point to that makes that connection. Otherwise, it would be like him submitting his high school yearbook and saying, hey, this is new evidence. And then it's not before you to consider what that is or how it's connected to political activity. That gets us beyond collateral estoppel. Let's go. No, to be clear, we're not arguing that any submission of new evidence defeats collateral estoppel. It does have to be material. But I think it might be helpful here to look back at what the board actually said to understand why we believe a remand is necessary here. Because if you look at appendix 14, this paragraph in the middle is the board's only analysis of Mr. Sweeting's evidence. And to be clear, this is not analyzing the collateral estoppel doctrine. That's the legal error that we've pointed out. This is after the board has concluded that collateral estoppel applies simply because it's the same jurisdictional issue very broadly defined. That's the legal error. But even if you look at their analysis of new material evidence, which was under a different standard, all they say, the sum total of the board's analysis on materiality, is that the contents of the documents, quote, addresses the merits of the appellant's claim and is not material to the jurisdictional issue. That statement simply does not make sense. For a probationary employee like Mr. Sweeting, in order to invoke the board's jurisdiction, he has to make a non-frivolous allegation that his termination was based on either marital status, which he does not claim, or partisan political reasons, which he does. If he makes that non-frivolous allegation to fully obtain the board's jurisdiction, he has to prove that by a preponderance of the evidence. I guess I read this sentence. So let me posit how I'm reading it. And then you can tell me if we're just disagreeing on the consequence of that or whether we're reading it differently. This strikes me as absolutely fine. Because when they were saying its content addresses the merits of the claim, it goes to Judge Lynn's point. Like, if we were in the merits now and he had passed the threshold jurisdiction, then perhaps maybe at some level it would be relevant to say you were treated differently than other people and therefore this wasn't the appropriate remedy. But they said, no, no, no, that's not what we're here to adjudicate, which is it's relevant to the jurisdictional question about political affiliation. One, I think that's what they're saying. And two, I don't see how given the record that we have before us, you can call that into question. I think they looked at the documents. They said there's nothing here about political affiliation. Political affiliation, non-frivolous allegation is what we're here to decide. So I don't see what the problem is with that sentence, honestly. So they didn't say that. That's part of the problem. The board's appellate counsel talks about claims that the documents have nothing to do with political affiliation. But if we confine ourselves to the four corners of the board's decision, which is what this court has to review, the board is not saying that. I think, and again, this underscores the problem here. We're speculating about what the board might have read. Well, no, I'm reading it. I mean, we can create a debate about parsing the definition of any words. But I'm telling you how I read it. And I think that's a straightforward reading. I mean, if we had to remand every case because two people disagreed about precisely what they said, we'd be in real trouble here. I agree. I don't think it's a question of precision. So let me address. When the board refers to the merits of the appellant's claim, the merits of his claim will be, were you terminated for partisan political reasons, or does the agency have a non-discriminatory basis for terminating you? And so it's, to me, incoherent to say that something is relevant to the merits of his claim, but not relevant to the jurisdictional issue, namely, have I made a non-frivolous allegation that I was terminated? So can you summarize for me the newly discovered evidence about partisan political reasons? Yes. The newly discovered evidence that is material is the investigative report and the letter. And that, again, we have his prior allegation that this case was about partisan politics. And then what the evidence does is it's documents that back up his allegation that show that this is something more than his. Well, they're documents. What was the content that you're relying on? Certainly. It's at appendix 107 to 108. This is the investigative report where the training center director writes a memo to his boss at the federal prison system and describes the allegations that were made against Mr. Sweeting, the allegations that were made against other students, then walks through the investigation of the allegations and shows that Mr. Sweeting, like the other students, denied that he had used marijuana. But unlike the other students, Mr. Sweeting was first let go from the training center, and then we know later terminated by the agency, whereas the other students, as we see in attachment C, which is at appendix 111, retained their positions. And so as he's explained at appendix 106 in his petition for review to the board, that underscores his prior claim of differential treatment. And the political emphasis? Well, just to be sure I understand where the partisan political emphasis affects the view of that information. And that is his allegation from the first proceeding, which he is repeating here, you're saying it's just enough to say that this was related to, in fact, establishes political affiliation. I think that's certainly enough to satisfy the non-frivolous allegation. And remember, that's the first step of the jurisdictional analysis, to be having non-frivolous allegations, something more than conclusory. And here we have not just him saying, I think a conclusory allegation would be to just come in and say my termination was based on partisan politics. We don't have that. We have more than that. We have that allegation. We have his prior allegation that he was a member of the Republican Party, that the other individuals involved in the incident were members of the Democratic Party. And then we have a documentary evidence that clearly shows that the basis for his termination was pretextual. That taken together has to be more than a non-frivolous allegation. Then the question whether he's established jurisdiction by a preponderance of the evidence would be the next thing for the board to consider. Okay. Why don't we hear from the government and we'll reserve the remainder for you, Bob. May it please the court. The board correctly determined that Petitioner's new appeal of his 1979 removal was barred by collateral estoppel. The issue in this case is identical to that litigated in the prior appeal, and that is whether the board had jurisdiction over the removal. In his first appeal, Petitioner argued that he was removed from his position based on partisan political reasons. He was represented by an attorney in that proceeding. Which one was that? This was the one in 1979. Yes. He was represented and the issue of the board's jurisdiction based on partisan political reasons was fully litigated. In fact, the board even remanded the case to the administrative judge to further explore that issue under the correct standard. Now 37 years later, Petitioner again alleges in a new appeal that his removal was based on partisan political reasons. The law is clear that in order to prevent the operation of collateral estoppel, an appellant must present new evidence that is material to the issue that was previously litigated. Here, Petitioner presented allegedly new evidence that relates only to the merits of his removal, as the board found, not to the issue adjudicated, which is whether the board had jurisdiction over the appeal. Petitioner has not presented any explanation for why he believes the new evidence he presented is material to the allegation that his removal was based on partisan political reasons. And instead, he's only alleging that the documents, the new documents show that some employees were treated differently. But the other side represents that this is in the context of, I know it's over a period of over 30 years, so it's hard to put it together, but that there is some record evidence or some evidence that shows the political affiliations of the various cast of characters we're talking about here, right? Well, actually, that evidence is not in the record because that record has been destroyed. So the evidence of which political parties these people belong to was not before the board. The only thing the board this time had was his allegations as presented in the new documents he attached. So this board had no way of knowing that he previously had alleged that these other employees were Democrats and he was a Republican. That's because those records no longer exist. And those were destroyed in the normal course of getting rid of- They were destroyed, I believe, in 1998, pursuant to records retention policies. And in fact, the administrative judge this time around issued a show cause order informing the petitioner that his claim may be barred by collateral estoppel and directing him to show cause why it should not be. In response to that order, the petitioner only argued that- basically that the underlying facts of the merits of his removal had not yet been litigated. He didn't even make any argument that the issue of board's jurisdiction based on political reasons was even an issue in this case. Similarly, when he appealed the administrative judge's decision to the full board in his petition for review, he also made no reference to partisan political reasons for his removal. He said he was entitled to a due process hearing in order to determine the credibility of the individuals who had made the allegations against him, which was a merits determination. So in the absence of any new evidence that was material to the question of whether the board had jurisdiction, the board properly applied collateral estoppel to bar the appeal. With regard to petitioner's argument that the board should have construed his new appeal as a request to reopen the previous case, the board properly did not exercise its discretionary power to reopen the previous appeal. Notably, petitioner never actually made a request for reopening. All he did was file a new appeal. So the only basis for any indication that the board should have considered this as a request for reopening was a footnote in the administrative judge's decision, which stated that even assuming for the sake of argument that this could be construed as a request for reopening, the administrative judge did not have the power to grant that request because only the board can reopen a case. Even if the board should have considered this as a request to reopen, it would be a waste of resources to remand the case to instruct the board to consider it as such a request because this case doesn't meet the requirements for reopening. What's the standard of review for a denial of a request to reopen? The standard of review is an abuse of discretion standard. So reopening is left to the board's discretion. Usually, they'll only reopen a case in extraordinary circumstances and usually also within a short time after the previous decision is issued. Here, obviously, it hasn't been a short time. And based on the evidence petitioner submitted, the extraordinary circumstances standard also isn't met. So if the court has no further questions, we would ask that you affirm the board's decision. Thank you. Thank you. Thank you. To the point that we've been discussing about whether Mr. Sweeting's new documents are material to his jurisdictional claim, again, I want to emphasize that there's been no confusion since the beginning. This case has been about partisan politics. And so you take that history, and then Mr. Sweeting comes in. And as the government points out, there was an order to show cause why collateral estoppel should not apply. And at Appendix 84, Mr. Sweeting explained that in his response. He said, because the facts, collateral estoppel doctrine does not apply to the facts in this and uses the word instinct, I believe he means instance. The prima facie facts and circumstantial evidence have never been litigated and decided in a prior appeal or a hearing by the MSPB. And the facts that he's referring to are at the prior page 84, which discusses the contents of the investigative report of this very same new document that he is submitting and that is attached to his petition for review. And then again, at Appendix 106 in his petition for review, he explains how these new documents are linked to his prior claim of differential treatment, which was alleged based on partisan political reasons. And so taking all of this in combination, you have an allegation of partisan political discrimination and documentary evidence of differential treatment. It's very difficult to see how that is not. First of all, how that doesn't move the needle at all on the frivolity or non-frivolity of his allegation, which is, of course, the question for collateral estoppel purposes. But even beyond that, how that's not enough to show a non-frivolous allegation of partisan political motivation for his termination. At Appendix 106, where does he talk about partisan political activity? He does not expressly refer to it. But what he does at Appendix 106 is he explains, after pointing out that there's new and material evidence available here, he describes the documents, and in particular, Attachment A and Attachment C showing the differential treatment. He does have Attachment B, which is not a new document. That's simply to show that he was terminated, whereas the other students were not. And I'd like to briefly address the reopening point, as well, that the government discussed. Yes, Mr. Sweeting did not include an express request for reopening in his papers. But we believe it was arbitrary and capricious for the board not to treat his submission as an implicit request for reopening, as it is done in similar circumstances, including the two McNeil cases that are cited in our brief, McNeil with an I and McNeil with an E. In both cases, there were jurisdictional dismissals, collateral estoppel was held to apply, and there was a submission of new and material evidence. In neither case was there an express request for reopening, including the McNeil with an I case, where the appellant was represented by counsel. Nonetheless, the board construed the submission of new evidence as an implicit request to reopen. And we think that there, at the very least, ought to be a remand here for the board to consider the same standard in this case. Thank you. We thank both sides for cases submitted, and that concludes our proceedings for this morning. All rise.